IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| EASTERN ENGINEERED WOOD PRODUCTS, ) ) ) | <u>COMPLAINT</u> <u>JURY TRIAL DEMANDED</u> |
| Defendant. ) ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to Jarrod L. Renninger, who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Mr. Renninger, Defendant's Vice-President, was subjected to unwelcome touching, sexual advances and sexual comments by Defendant's co-owner, conduct of which he objected to and complained.

The Commission further alleges that after Mr. Renninger complained of sexual harassment, he was thereafter subjected to retaliation when the co-owner harasser excessively scrutinized and criticized his work performance. Mr. Renninger was further subjected to hostile treatment by co-workers who were encouraged to shun, mock, and berate him because he complained of sexual harassment against Defendant's co-owner. Due to the sexually hostile work environment and the retaliation he suffered, Mr. Renninger was constructively discharged from his employment with Defendant. As a result of Defendant's unlawful actions, Mr. Renninger incurred income and benefit losses, as well as severe emotional distress.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant Eastern Engineered Wood Products (the "Employer") has continuously been and is now a Pennsylvania Corporation doing business in the State of Pennsylvania and the City of Allentown, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jarrod L. Renninger filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2000, Defendant Employer has engaged in unlawful employment practices at its Allentown, Pennsylvania facility in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a) by subjecting Jarrod L. Renninger to sexual harassment and retaliating against him after he complained about unwanted touching and sexual harassment to the Defendant's President. As a result of the intolerable sexual harassment and retaliation, Mr. Renninger was forced to resign his employment with Defendant. The unlawful employment practices include, but are not limited to, the following:

(a) Starting in or about August 2000, Defendant Employer's co-owner, Steve Colson, began engaging in unwelcome and offensive touching of Mr. Renninger. The touching included rubbing his arms, massaging his neck, stroking his face and neck, conduct of which escalated overtime. On or before November 2003, Mr. Renninger reported the continuous offensive touching to Defendant's President, Verne Orth, and that these actions by Steve Colson were unwelcome;

(b) On December 24, 2003, Colson lifted Mr. Renninger's shirt sleeve, sucked on Mr. Renninger's arm and bit Mr. Renninger's bicep in the presence of other employees, alarming Mr. Renninger, and causing him to look at his bicep. Later that day, Colson entered Mr. Renninger's office and complimented his performance, proclaiming that Mr. Renninger's efforts had made the company a success. Colson then discussed a bonus for Mr. Renninger and an increase in Mr. Renninger's role in the company. During this conversation, Colson used sexual phrases such ask "s--k my d--k" and instructed Mr. Renninger that if he wanted the conversation to continue, he had to "let....[Mr. Colson]... in," making this statement as he tried several times to push Mr. Renninger's legs apart and wedge himself between them. Mr. Renninger pushed Colson away and left the room;

(c) Mr. Renninger reported Colson's unwelcome sexual advances to President Verne Orth,

who conducted an investigation into Colson's inappropriate conduct. In concert with Defendant's attorney, recommendations were made to deal with Mr. Colson, as a result of his conduct toward Mr. Renninger and at least two other male employees;

(d) Colson did not follow the directive of Defendant's attorney to receive counseling, and he failed to follow the attorney's requirements that he refrain from working directly with Mr. Renninger, refrain from addressing Mr. Renninger directly, and stay out of his office;

(e) Thereafter, Mr. Renninger was never placed on a bonus program by Defendant, as promised by Colson;

(f) After Mr. Renninger reported Colson's sexual advances and President Orth began to investigate the allegations, Mr. Renninger avoided Colson for several weeks on sales calls, completing his work in the office on weekends, when he was sure that Colson would not be in the office. Colson remained away from the office for a period of time but returned, and began to accost Mr. Renninger and criticize his performance;

(g) Colson commented publicly that he was becoming impatient with Mr. Renninger, began for the first time to require Mr. Renninger to verify invoices, and blamed Mr. Renninger on several occasions for errors in areas that were not Mr. Renninger's responsibility;

(h) Co-workers of Mr. Renninger shunned him, stopped talking, or spoke quietly when he entered the office, and accused him of trying to destroy the company and their jobs. Co-workers made it known that they disbelieved Mr. Renninger and some employees refused to speak to him and had conversations with Colson about Mr. Renninger;

(i) Mr. Renninger complained to Defendant's President about the acts of retaliation and the resultant hostile work environment, but the retaliation did not stop;

(j) On March 8, 2004, Defendant interrogated employees about President Orth and Mr. Renninger. Mr. Renninger was threatened with arrest and suspension when he hesitated in turning over his laptop computer due to personal information it contained;

(k) On March 11, 2004, Defendant discharged President Orth, who had initiated and conducted an investigation into complaints against Colson;

(l) Because Defendant had not remedied the hostile work environment caused by the acts of sexual harassment and retaliation against Mr. Renninger, Mr. Renninger was forced to resign on March 19, 2004;

(m) As of March 19, 2004, and continuing to date, Defendant failed to place Mr. Renninger on the bonus program discussed by Colson on December 24, 2003, when Mr. Renninger vehemently rejected Mr. Colson's sexual advances.

8.     The effect of the practices complained of in paragraph 7 above, has been to deprive Jarrod L. Renninger of equal employment opportunities and otherwise adversely affect his status as an employee because of his gender and because of retaliation.

9.     The unlawful employment practices complained of in paragraph 7 above, were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above, were done with malice or with reckless indifference to the federally protected rights of Jarrod L. Renninger.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment,

or any other employment practice which discriminates on the basis of sex or retaliation.

B.     Order Defendant Employer to institute and carry out policies and practices which effectively prohibit sexual harassment and retaliation in the work place, which insure a harassment-free environment for employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to institute and carry out anti-discrimination, anti-retaliation and sexual harassment policies.

D.     Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, retaliation and harassment.

E.     Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination, non-retaliation and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the company officials or department charged with handling such complaints.

F.     Order Defendant Employer to make whole Jarrod L. Renninger by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.     Order Defendant Employer to make whole Jarrod L. Renninger by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to out-of-pocket losses, in amounts to be

determined at trial.

H. Order Defendant Employer to make whole Jarrod L. Rennigner by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Jarrod L. Renninger punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                Eric S. Dreiband
                General Counsel

                James L. Lee
                Deputy General Counsel

                Gwendolyn Young Reams
                Associate General Counsel

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                Washington, D.C. 20507

_____
JACQUELINE H. McNAIR
Regional Attorney

_____
JUDITH A. O'BOYLE
Supervisory Trial Attorney

_____
CYNTHIA A. LOCKE
Trial Attorney
EEOC
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2683
Pennsylvania ID No. 37637